# IN THE COURT OF APPEALS OF IOWA

No. 24-1221
Filed October 29, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TRACI MARIE CHAMBERLAIN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Buchanan County,
Stephanie C. Rattenborg, Judge.


        A defendant seeks discretionary review of the district court's ruling affirming
two simple misdemeanor convictions for violations of a no-contact order.
**AFFIRMED.**


        Mark C. Meyer, Cedar Rapids, for appellant.

        Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney
General, for appellee.


        Considered without oral argument by Tabor, C.J., and Ahlers and
Langholz, JJ.

**AHLERS, Judge.**

A magistrate found Traci Chamberlain guilty of two simple-misdemeanor violations of a no-contact order.  Chamberlain appealed both convictions to the district court.  *See* Iowa R. Crim. P. 2.72(4)(f) (requiring the district court to decide appeals of simple misdemeanors tried by a magistrate).  The district court affirmed both convictions.  Chamberlain filed a notice of appeal that included both convictions.  As Chamberlain had no right to appeal from simple misdemeanor convictions, *see* Iowa Code § 814.6(2)(d) (2024), the supreme court gave the parties the opportunity to file jurisdictional statements.  Chamberlain then filed an application for discretionary review, which the supreme court granted before transferring the appeal to our court.

Chamberlain raised three issues to the district court.  But she does not raise any of those issues on discretionary review.  Instead, she raises a completely different issue.  She contends error occurred due to failure to comply with Iowa Rule of Criminal Procedure 2.72(3), which states:

> When an appeal is taken, the magistrate shall promptly forward to the appropriate district court clerk a copy of the magistrate's minutes of the witnesses' testimony along with the exhibits.  Within 10 days after an appeal is taken, unless extended by order of a district judge or district associate judge, any transcript or electronic recording of the official report shall be filed by the magistrate unless it is already on file.

Chamberlain contends the district court could not have conducted a full and fair review of the magistrate's rulings because neither the magistrate's minutes of witness testimony nor any transcript or electronic recording of the proceedings before the magistrate were reviewed by the district court.

There are two related problems with Chamberlain's challenge.  First,

Chamberlain fails to establish that the magistrate's minutes, a transcript, or an electronic recording of the proceedings before the magistrate were not reviewed by the district court. Instead, she asks us to assume such materials were not reviewed. But we do not presume error. *State v. Cook*, 330 N.W.2d 306, 313 (Iowa 1983). As Chamberlain has made no showing that the district court did not review the applicable materials, we reject her challenge.

Second, Chamberlain failed to preserve error on this issue, because she never called this alleged error to the district court's attention. A party cannot seek relief from an appellate court based on an alleged error by the district court without first bringing the error to the district court's attention. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). If Chamberlain had notified the district court that she was claiming the district court did not have the applicable materials available to it, the district court would have had the opportunity to point out that it had the materials or could have obtained the materials if it did not already have them. Chamberlain's failure to raise this issue deprived the district court of the opportunity to address or fix the problem. As such, Chamberlain failed to preserve error on the issue she raises on discretionary review, so we affirm.[1]

**AFFIRMED.**

---

[1] We reject Chamberlain's claim that she preserved error by raising the issue in her application for discretionary review. The filing used to invoke appellate court jurisdiction does not preserve error. *See* Iowa R. App. P. 6.903(2)(a)(8)(1) ("Filing a notice of appeal does not preserve an issue for appeal . . . ."); *see also State v. Gogg,* 561 N.W.2d 360, 368 (Iowa 1997) (applying same error-preservation standards on discretionary review as on appeal).